617 S.E.2d 368

**In the Matter of Lewie K. HARRELL, III, Respondent.**

**No. 26016.**

Supreme Court of South Carolina.

Submitted June 3, 2005.

Decided July 25, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa Ballard, of West Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

Respondent was retained to perform the real estate closing for property to be purchased by his client. The closing was held on July 13, 1999. Respondent did not attend the closing; he sent a paralegal in his place.

### Matter II

On or about April 2001, respondent was retained to handle a real estate closing for property to be purchased by his client. The closing took place on May 31, 2001. Respondent was present at the closing. Although the client and the seller had contracted for the purchase of one lot, the closing documents identified two parcels of land to be sold.

On June 1, 2001, respondent filed a Deed to Real Estate with the Newberry County Clerk of Court. The deed referenced both parcels of land. The deed, dated May 31, 2001, contained the signatures of respondent, his paralegal, and the seller.

Subsequent to the filing of the deed, a dispute arose concerning the sale of both lots. Respondent represents he instructed his paralegal to verify with the client that only one lot was to be purchased. No contemporaneous documentation memorializing this conversation exists. Respondent represents he instructed his paralegal to prepare a corrective deed to remedy the error with the second lot.

On July 9, 2001, a Corrective Deed to real estate was filed by respondent's office. This deed referenced the sale of only

one lot. However, attached to the deed was the same signature page executed by the parties on May 31, 2001.

Respondent acknowledges he failed to provide his paralegal with specific instructions how to prepare the new deed and that he failed to properly supervise the paralegal's work. He further acknowledges he failed to review the Corrective Deed before it was filed with the Clerk's Office.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.3 (lawyer having direct supervisory authority over a nonlawyer shall make reasonable efforts to ensure the person's conduct is compatible with the professional obligation of the lawyer); Rule 5.5 (lawyer shall not assist a person in the performance of activity which constitutes the unauthorized practice of law); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.